# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DALVIN GADSON OCHOA,

    Plaintiff,

v.

OFFICER COLBY J. HICKMAN in his individual capacity;
OFFICER MATTHEW ANDERSON in his individual capacity;
and
OFFICER CHRISTOPHER K. HUMMEL in his individual capacity,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, by and through his attorneys, Harry M. Daniels, Latrice Latin Alexander, Bakari Sellers, and Kevin Mehr, respectfully allege for their Complaint and Jury Demand as follows:

### I. INTRODUCTION

*Prior to using force, an officer shall identify himself or herself as a peace officer. The officer shall give a clear **verbal** warning of their intent to use force.*

***Colorado Springs Police Department General Order 500 Use of Force Policy.
Effective Date: 8/2/2021***

1. On October 9, 2022, the above policy of the Colorado Springs Police Department, was utterly disregarded by Colorado Springs Police Officers Colby J. Hickman, Matthew Anderson, and Christopher K. Hummel, when they deliberately, knowingly, intentionally, and violently, beat Dalvin Gadson Ochoa, a 29-year-old black man and honorably discharged United States Army veteran beyond recognition. Notably, Hickman, Anderson, nor Hummel, gave Mr. Gadson any warning before they used violent excessive force on him per the above departmental policy.



*Photo of Dalvin Gadson in January 2022.*



*Photo of Dalvin Gadson in hospital on October 9, 2022, after being beaten by Colorado Springs Police Officers.*

2. Mr. Gadson sustained a black eye, back injuries, chest wall contusions, an abrasion to the right side of his back, and a closed head injury.

3. Mr. Gadson also suffers from severe mental anguish and severe emotional distress as a result of his encounter on October 9, 2022.

4. The Plaintiff seeks compensatory and punitive damages against all Defendants.

5. TRIAL BY JURY IS DEMANDED.

## II.    JURISDICTION AND VENUE

6. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331. Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. §1988.

7. Jurisdiction for Plaintiff's supplemental state law claims, brought under Colorado state law, including the Colorado Enhance Law Enforcement Integrity Act, C.R.S § 13-21-131 et. seq. is conferred by 28 U.S.C § 1367.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C § 1391(b). All of the events alleged herein occurred within the State of Colorado.

## III.   PARTIES

### A. Plaintiff

9. At all times relevant to this subject matter of this Complaint, Plaintiff DALVIN GADSON OCHOA (hereinafter "Mr. Gadson or Plaintiff") was a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

### B. Defendants

10. At all times relevant to the subject matter of this Complaint, Defendant COLBY J. HICKMAN (hereinafter "Defendant Hickman") was a citizen of the United States and a resident of and domiciled in Colorado.  At all relevant times, Defendant Hickman was acting within the scope of his official duties and employment and under color of state law in his capacity as a law enforcement officer employed by Colorado Springs Police Department.

11. At all times relevant to the subject matter of this Complaint, Defendant MATHEW ANDERSON (hereinafter "Defendant Anderson") was a citizen of the United States and a resident of and domiciled in Colorado.  At all relevant times, Defendant Anderson was acting within the scope of his official duties and employment and under color of state law in his capacity as a law enforcement officer employed by Colorado Springs Police Department.

12. At all times relevant to the subject matter of this Complaint, Defendant CHRISTOPHER HUMMEL (hereinafter "Defendant Hummel") was a citizen of the United States and a resident of and domiciled in Colorado. At all relevant times, Defendant Hummel was acting within the scope of his official duties and employment and under color of state law in his capacity as a law enforcement officer employed by Colorado Springs Police Department.

## IV. FACTUAL ALLEGATIONS

13. On October 9, 2022, Defendant Hickman initiated a traffic stop on Mr. Gadson's grey sedan in the area of the 3700 block of Airport Rd and South Academy Blvd in the City of Colorado Springs.

14. According to Defendant Hickman, he stopped Mr. Gadson's grey sedan for failure to display a license plate. During the traffic stop, Mr. Gadson informed Defendant Hickman that he needed new screws to affix his license plate.

15. Defendant Hickman asked Mr. Gadson and his passenger for identification, in which they complied.

16. Subsequently, 3 to 4 additional police cars arrived on the scene of the traffic stop. After a brief period of time, Defendants Hickman and Hummel approached Mr. Gadson on the driver's side of Mr. Gadson's vehicle. Defendant Hickman ordered Mr. Gadson to exit his vehicle.

17. Mr. Gadson was confused as to why he was being ordered out of his vehicle and questioned Defendant Hickman's order.

18. Mr. Gadson opened his door and swung both legs out of the car and asked if he could sit in his car. Defendant Hickman told Mr. Gadson he could not sit in his car and that he was going to be placed in handcuffs for a DUI investigation.

19. Notably, Mr. Gadson displayed no signs of impairment during the traffic stop nor did Mr. Gadson commit any moving traffic violation prior to the traffic stop that created a reasonable suspicion that Mr. Gadson was under the influence of alcohol or drugs.

20. Defendant Hickman told Mr. Gadson to stand up and turn around so he could place handcuffs on Mr. Gadson. Mr. Gadson refused to do so because he did not understand why he was being placed in handcuffs for a DUI investigation.

21. At that time, Defendants Hickman and Hummel immediately resorted to using physical force to extract Mr. Gadson from his vehicle without providing any verbal warning of their intent to use physical force.

22. Notably, Defendants Hickman and Hummel's actions were in contravention of the Colorado Springs Police Department Use of Force Policy.

23. Specifically, Defendant Hummel attempted to forcibly remove Mr. Gadson from his vehicle by grabbing Mr. Gadson.

24. At that time, Mr. Gadson pulled away from Defendant Hummel out of fear and confusion.

25. Subsequently, Defendants Hickman and Hummel physically attempted to remove Mr. Gadson from his vehicle on the driver's side and struck Mr. Gadson in his face multiple times with a closed fist.

26. Defendant Hummel then kneed Mr. Gadson in his forehead causing him to fall back inside his vehicle.

27. Then without any hesitation, Defendant Anderson immediately came in from the passenger side of the vehicle and commenced striking Mr. Gadson in his head repeatedly with a closed fist. Defendant Anderson struck Mr. Gadson over 20 times with his closed fist.

28. At all times while being struck by Defendant Anderson, Mr. Gadson hands were visible. Mr. Gadson attempted to cover his head with his right hand while Defendant Anderson was striking him. Defendant Hummel was holding Mr. Gadson's left arm while Defendant Anderson was striking Mr. Gadson.

29. Eventually, Mr. Gadson was extracted from his vehicle and placed on the ground. While curled up in the fetal position and not resisting arrest, Defendant Anderson kicked Mr. Gadson in the face. Defendant Hummel struck Mr. Gadson with an open hand strike.

30. After being beaten by the Defendants, Mr. Gadson laid on the ground with blood pouring from his wounds.



*Photo of Dalvin Gadson on October 9, 2022, right after being beaten by the Defendants.*

31. Each Defendant failed to intervene in preventing the other Defendants from using use of excessive force against Mr. Gadson.

32. Mr. Gadson was transported by ambulance to UCHealth Memorial Hospital Central. At UCHealth Memorial Hospital Central, Mr. Gadson was diagnosed with a black eye, back injuries, chest wall contusions, an abrasion to the right side of his back, close head injury with head and facial swelling.

33. Mr. Gadson's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing

special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

34. Mr. Gadson also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his assault.

35. Mr. Gadson is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

## V.  CLAIMS FOR RELIEF FIRST CLAIM FOR RELIEF

**First Claim for Relief**
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against All Defendants)

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

37.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

38. Plaintiff in this action is a citizen of the United States and all of the Defendants

to this claim are persons for purposes of 42 U.S.C. § 1983.

39. All Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers for the City of Colorado Springs, Colorado. The Defendants' acts or omissions were conducted within the scope of their official duties or employment.

40. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

41. Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

42. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

43. The Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

44. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendants shocks the conscience and violated these Fourth Amendment rights of Plaintiff.

45. Defendants unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

46. The force used by the Defendants caused serious bodily injury to Plaintiff.

47. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

48. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

49. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

50. The acts or omissions of Defendants as described herein intentionally deprived

Plaintiff of his constitutional rights and caused him other damages.

51. The Defendants are not entitled to qualified immunity for their actions

52. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

53. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

54. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton

disregard of the constitutional rights of Plaintiff.

## Second Claim for Relief
## 42 U.S.C. § 1983 – Failure to Intervene in Violation of the Fourth Amendment
(Against All Defendants)

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

56. Each above Defendant failed to intervene in preventing the other Defendants from using use of excessive force against Mr. Gadson.

57. Each individual had realistic opportunity to intervene to prevent the harm from occurring to the Plaintiff.

58. Plaintiff was damaged and injured by the Defendants' intentional failure to intervene and stop the assault on him.

59. The Defendants' intentional failure to intervene directly and proximately contributed to the Plaintiff's unconstitutional seizure, and directly and proximately to the Plaintiff's significant physical injuries and emotional pain and suffering. The force used by the Defendants caused serious bodily injury to Plaintiff.

60. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally

protected constitutional rights.

61. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

62. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

63. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

64. The Defendants are not entitled to qualified immunity for their actions

65. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

66. On information and belief, Plaintiff may suffer lost future earnings and impaired

earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

67. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### Third Claim for Relief

**Action For Deprivation of Rights Under C.R.S. §13-21-131 and C.R.S. § 18-8-802**
**Article II Section 7- Excessive Force/Unlawful Use of Force**
(Against All Defendants)

68. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

69. CRS 18-1-707(1)- "Peace officers, in carrying out their duties, shall apply nonviolent means, when possible, before resorting to the use of physical force. A peace officer may use physical force only if nonviolent means would be ineffective in effecting an arrest, preventing an escape, or preventing an imminent threat of injury to the peace officer or another person.

70. No reasonable law enforcement officer would consider the Defendants' deployment of painful force and excessive aggression upon Mr. Gadson to have been reasonable or justified under the circumstances. Additionally, the Defendants' actions were in blatant disregard for their own agency's policies.

71. Colorado Springs Police Department General Order 500 Use of Force Policy. Effective Date: 8/2/2021, states, in part:

> *Prior to using force, an officer shall identify himself or herself as a peace officer. The officer shall give a clear **verbal** warning of their intent to use force.*

72. The Defendants violated their on use of force policy by failing to give Mr. Gadson any verbal warning before they used violent excessive force on him per the above departmental policy.

73. Article II Section 7 of the Colorado Constitution forbids unreasonable seizures, which include seizures carried out with excessive force, like this one.

74. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's rights under Article II Section 7 of the Colorado Constitution. deliberate indifference to his rights under Article II Section 7 of the Colorado Constitution.

75. The Defendants' unjustified and violent seizure and assault upon Mr. Gadson caused him to experience great physical pain, injury, and terror and exposed him to great risk of death. This experience continues to cause Mr. Gadson trauma and emotional distress, along with lasting physical injuries. Their actions constituted a further violation of Mr. Gadson's rights secured in Article II sections 3, 7, 18, and 25 of the Colorado Constitution.

76. Plaintiff further seeks injunctive relief against the Defendants, prohibiting them from maintaining P.O.S.T. certification. C.R.S. § 13-21-131(1) authorizes this court, upon a finding of Defendants' liability, to order "legal or equitable or any other appropriate relief." Plaintiff believes this injunctive relief, in the form of revoking Defendants' P.O.S.T. certification, would be particularly appropriate in this action, not only as a sanction for their unlawful behavior but also to protect the community from similar injury.

**Fourth Claim for Relief**
Civil Action for Breach of Duty to Intervene in Violation of C.R.S. § 18-8-802 and
C.R.S. §13-21-131
(Against All Defendants)

77. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

78. Plaintiff further brings a Breach of Duty to Intervene action against Defendants, pursuant to C.R.S. § 18-8-802 and C.R.S. § 13-21-121.

79. Each above Defendant failed to intervene in preventing the other Defendants from using use of excessive force against Mr. Gadson.

80. Each individual had realistic opportunity to intervene to prevent the harm from occurring to the Plaintiff.

81. Plaintiff was damaged and injured by the Defendants' intentional failure to intervene and stop the assault on him.

82. The Defendants' intentional failure to intervene directly and proximately contributed to the Plaintiff's unconstitutional seizure, and directly and proximately to the Plaintiff's significant physical injuries and emotional pain and suffering. The force used by the Defendants caused serious bodily injury to Plaintiff.

83. Plaintiff further seeks injunctive relief, prohibiting Defendants from maintaining P.O.S.T. certification. C.R.S. § 13-21-131(1) authorizes this court, upon a finding of Defendants' liability, to order "legal or equitable or any other appropriate relief." Plaintiff believes this injunctive relief, in the form of revoking the Defendants' P.O.S.T. certification, would be particularly appropriate in this

action, not only as a sanction for their unlawful behavior, but also in an effort to protect the community from similar injury.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by an enlightened jury;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount in an amount to be determined by an enlightened jury;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, C.R.S. §13-21-131 including expert witness fees, on all claims allowed by law;

F. pre-and post-judgment interest at the lawful rate; and, any further relief that this court deems just and proper, and any other appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this the 21st of December 2022

**THE LAW OFFICES OF HARRY M. DANIELS, LLC**

/s/Harry M. Daniels
Harry M. Daniels

/s/ Latrice L. Latin
Latrice L. Latin

4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com
llatin@atlpiattorney.com

**STROM LAW FIRM**

/s/Bakari Sellers
Bakari Sellers

6923 N. Trenholm Road
Columbia, SC 29206
Tel. 803.252.4800
bsellers@stromlaw.com
*(Pending Admission to the United District Court of Colorado)*

**MEHR LAW PLLC**

/s/Kevin Mehr
Kevin Mehr

3107 W. Colorado Ave.
#184
Colorado Springs, CO 80904
Phone: (719) 315-4606
Kevin.Mehr@mehrlawcolorado.com